

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2009

# DeLaine Andrews v. Borough of Collingsd

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1532

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"DeLaine Andrews v. Borough of Collingsd" (2009). *2009 Decisions.* Paper 1319.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1319

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1532

_____

DELAINE ANDREWS;
TAMIKA ANDREWS,

Appellant

v.

BOROUGH OF COLLINGSDALE; MARTIN SCHILLER;
CAROL EBINGER; FRANK KELLY; STEPHEN BECKSON;
CHARLES LAUT; JOHN DOES I AND II

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 06-cv-01374)
District Judge:  Honorable Anita B. Brody

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2009

Before: FISHER, JORDAN and VAN ANTWERPEN, <u>Circuit Judges</u>

(Opinion filed: May 26, 2009)

_____

OPINION

_____

PER CURIAM

DeLaine and Tamika Andrews, proceeding pro se, appeal from the judgment of the United States District Court for the Eastern District of Pennsylvania, entering summary judgment in favor of Appellees. For the reasons that follow, we will affirm.

As the parties are, by now, intimately familiar with the facts of this case, we will only briefly recite them here. Appellants are African American female sisters who have owned the home at 512 MacDade Boulevard in the Borough of Collingdale since 1992. They purchased it with the intent of using it as a rental property. In November of 1999, Collingwood Health Inspector Carol Ebinger visited the property in response to a complaint from the tenants that the property lacked heat. Following her inspection, she issued a citation to Tamika Andrews, the record owner, stating that the home was unfit for human habitation. Ebinger and the Borough's Fire Chief again inspected the home in May of 2000, and upon discovering broken windows, a clogged chimney, a non-functioning heater, corroded kerosene heaters, evidence of a rodent infestation and bird feces, Ebinger issued a second citation and placed a padlock on the property, such that Appellants could only enter the home with the assistance of Borough employees. For the next four years, neither of the Appellants returned to Collingdale to address the housing violations or repair the home.

On March 30, 2006, Appellants initiated the underlying lawsuit in the United States District Court for the Eastern District of Pennsylvania, and on June 1, 2006, they

amended their complaint.  In their amended complaint, they alleged that Appellees, the Borough of Collingwood and five of its officials, pursuant to 42 U.S.C. §§ 1981 and 1983: (1) violated their Fourteenth Amendment right to equal protection by declaring the house unfit for human habitation and padlocking it but failing to take the same course of action with the comparable houses of non-minority individuals; (2) retaliated against them in violation of the First Amendment for filing a complaint with the Pennsylvania Human Rights Commission claiming that the Borough issued citations to them in error; (3) violated their Fourteenth Amendment right to substantive due process by denying them the full use and enjoyment of their property by preventing them from selling the house in "as is" condition; (4) employed racially discriminatory practices or customs in violation of Monell v. Department of Social Services, 436 U.S. 658 (1978); and (5) interfered with their right to contract.  They also alleged malicious prosecution in violation of state law.

In an order entered on March 14, 2007, the District Court granted in part and denied in part Appellees' motion to dismiss, limiting Appellants' claims to the two-year period immediately preceding the filing of their complaint, and ordering Appellees to make available to Appellants all records regarding property found to be uninhabitable during that two-year period.  On January 22, 2008, the District Court entered summary judgment in favor of Appellees on all remaining claims.  On Appellants' equal protection claim, the Court held that Appellants failed to provide any evidence of similarly uninhabitable homes which the Borough did not padlock.  See Bradley v. United States,

3

299 F.3d 197, 205 (3d Cir. 2002) (holding that, to prove discriminatory effect, the complainant must show that she was a member of a protected class and was treated differently from similarly situated individuals in an unprotected class). In so holding, the Court rejected Appellants' argument that, in light of Appellees' selective enforcement of the Borough ordinances, in conjunction with Appellants' recollection of certain racist remarks allegedly made by Appellees Ebinger and Shiller, Appellants were not required to show that other non-minority homeowners were treated differently.[1]

On their retaliation claim, the District Court held that Appellants provided no evidence to support their assertion that there was a nexus between their protected activities and the Borough's alleged adverse actions. See Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007) (explaining that plaintiff bears the burden of establishing the requisite causal connection, either by proving (1) an unusually suggestive temporal proximity between the two actions or (2) a pattern of antagonism coupled with timing). We have encouraged district courts to be vigilant in requiring

---

[1] On appeal, Appellants claim that the District Court did not receive the exhibits attached to their summary judgment opposition brief in which they nonetheless identified homes of non-minority homeowners which were not subject to the same treatment as theirs. Appellants addressed this issue in their opposition brief and in their declaration. Accordingly, whatever evidence they had was properly presented to the District Court, which concluded that it was insufficient to support their claim of an equal protection violation. Based on the foregoing, there is no need to remand this matter to the District Court to supplement the record.

4

proof of such a causal connection so as to prevent public actors from being chilled from

taking legitimate action for fear of a resulting lawsuit.  See id. at 267-68.

With respect to their substantive due process claim, the Court held that while

Appellants did have a protected property interest in their home, DeBlasio v. Zoning Board

of Adjustment, 53 F.3d 592, 600 (3d Cir. 2003) (abrogated on other grounds by United

Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392 (3d Cir. 2003)), they

failed to demonstrate any behavior on the part of the Borough or any of its employees that

"shocks the conscience."  United Artists, 316 F.3d at 399-400.  As the Court held, the

Borough's requirement that homes within its border be made fit for human habitation or

that sufficient funds be put into escrow prior to the sale to cover the necessary repairs

clearly does not shock the conscience.

On Appellants' Monell claim, the Court held that Appellants had not offered any

evidence that the Borough had an established policy or practice of discriminating against

minority property owners in general, or against them in particular.  See Monell, 436 U.S.

at 690.  With respect to Appellants' claim regarding the interference with their right to

contract, the Court held that Appellants had failed to even allege the type of "purposeful

discrimination" required to state a claim under section 1981.  See Gen. Bldg. Contractors

Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 390 (1982) (holding that § 1981 only reaches

conduct motivated by a discriminatory purpose).  Requiring Appellants to repair their

home or escrow sufficient funds to effect such repairs prior to sale does not meet this

5

criterion. Finally, the Court held that as Appellants failed to even address their malicious prosecution claim in their summary judgment opposition brief, it would enter judgment against them on that claim.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's decision to grant a motion to dismiss de novo. DeHart v. Horn, 390 F.3d 262, 272 (3d Cir. 2004). We also exercise plenary review over the District Court's entry of summary judgment, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to Appellant, the non-moving party. See Norfolk Southern Ry. v. Basell USA Inc., 512 F.3d 86, 91 (3d Cir. 2008). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c).

In their informal appeal brief, Appellants challenge the District Court's dismissal of any claims accruing more than two years prior to the filing of the complaint and the District Court's entry of summary judgment against them.[2] First, Appellants challenge the limitation of their claims to events occurring within two years of the filing of the

_____

[2]Appellants also seek to "appeal" the District Court's order of October 6, 2006 requiring them to provide the Borough with the name of an L&I certified home and building inspector by October 18, 2006 and to have the property inspected at the cost of the Borough. They do not argue that the District Court erred in ordering the inspection at the Borough's expense. Rather, they contend that they had the home inspected but that the Borough did not compensate them for the cost. To the extent Appellants seek enforcement of the Court's October 6, 2006 order, they must do so in the District Court. At present, there is no order granting or denying such enforcement over which we could exercise review.

6

complaint. They contend that the violations of their constitutional and civil rights were ongoing, as the property was padlocked from May of 2000 through February of 2004, during which time they were denied access and the property was damaged and became uninsured. As this Court has held, "[the] continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained [the] requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Kichline v. Consol. Rail Corp., 800 F.2d 356, 360 (3d Cir. 1986); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) (holding that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act."). Appellants could have initiated this lawsuit upon receiving the initial citation of the property as uninhabitable or upon the padlocking of the door. The mere fact that they continued to be affected by the repercussions of these initial acts does not render their claims regarding these earlier actions timely. Accordingly, we will affirm the District Court's order dismissing those claims which accrued more than two years prior to the filing of the complaint.

In support of their summary judgment claims, Appellants point to various vague, unsworn statements which purport to demonstrate racial bias on the part of the Appellees. They also allege that other properties in the Borough received certificates of occupancy and were permitted to be rented or sold with various defects. They do, not, however,

7

demonstrate that these properties were uninhabitable. For all of the reasons given by the District Court, we agree that Appellees were entitled to judgment as a matter of law and, accordingly, we will affirm. Appellants' motion for sanctions, motion to supplement the District Court record, and amended motion to supplement the District Court record are denied.